## VALIDITY OF ASSESSMENT FOR MAINTENANCE OF CAMP MEETING GROUNDS.

Common Pleas Court of Hamilton County.

ALICE BRADLEY v. THE CINCINNATI CAMP MEETING ASSOCIATION.

Decided, July 6, 1918.

*Charges and Assessments—May be Levied Upon Members of a Religious Corporation—Raising of Funds for Maintenance—Not Violative of the "Not for Profit" Feature or of Church Discipline.*

An assessment levied by the trustees of a camp meeting association against cottage or lot owners, for the purpose of maintaining light and water systems, roads, walks and other necessary conveniences, and not for profit, is not *ultra vires* or in violation of the discipline of the Methodist Episcopal church, and an action lies for recovery of such an assessment.

*Sanford Brown,* for plaintiff in error.
*Wm. R. Collins,* contra.

NIPPERT, J.

The defendant in error, the Cincinnati Camp Meeting Association, is a corporation organized under the laws of the state

of Ohio as the Cincinnati Camp Meeting Association, of the Methodist Episcopal Church. The by-laws provide that the membership of the association shall consist, first, of all the lot owners, male and female, etc. Its constitution is based upon the charter of the organization, which provides in Article III that the purpose of said corporation is not for profit, but to provide succession to a board of trustees and for the support and maintenance perpetually of religious camp meetings, in strict accordance with the policy, established usage and discipline of the Methodist Episcopal Church, so that the members and friends of said church may assemble once annually, or oftener, if desired, for religious worship, and to hold sacredly in trust forever for the Methodist Episcopal Church the money, property and values of every kind heretofore donated, contributed, collected and held for camp-meeting purposes, * * * and the furnishing of convenient and desirable tents, cottages and summer homes, roads, walks, light and water and all other necessaries, conveniences and accommodations upon the campgrounds of the association at Loveland, Ohio, for members and friends of the Methodist Episcopal Church who may regularly or from time to time attend said camp meetings for religious worship, and desire such accommodations and camp meeting homes.

The board of trustees of the defendant corporation claim that under the authority granted in the charter, as well as by virtue of the constitution, which is based upon the provisions of the charter, they are authorized to levy upon all cottage owners or land owners a certain charge as dues or assessments for the purpose of maintaining the roads, walks, light, water and other necessaries, conveniences and accommodations, and for this purpose the said board of trustees by a formal act of November 18, 1915, passed a resolution to the effect that the dues of the cottage owners on the property of the Cincinnati Camp Meeting Association at Epworth Heights be $15 per year for each cottage, said amount to be payable the first of the year.

Upon attempting to carry this order into effect, plaintiff in error, Mrs. Alice Bradley, the owner of two cottages, raised a serious objection and refused to pay, claiming, among other

things, that the act of the board of trustees was without warrant in law and *ultra vires,* and that since the organization of the defendant corporation, in 1874, no attempt had been made, prior to November 18, 1915, to assess any property owners or collect any assessments or dues of any kind from the cottage owners, but that the association, up to the time of the occurrences herein stated, had been supported entirely by voluntary contributions. Plaintiff in error further maintains that the Cincinnati Camp Meeting Association, being a religious corporation not for profit, an assessment against the members can not be made since under the discipline of the Methodist Episcopal Church no assessment can be made upon the members of said church.

Alice Bradley failing to comply with the resolution of the board of trustees of November 18, 1915, was made defendant in a proceeding brought by the Cincinnati Camp Meeting Association, in the municipal court, and judgment was rendered against her in the sum of $61 and costs, to all of which the defendant below excepted, and the case is now before this court on the petition in error.

There is very little dispute as to the facts in the case, and the only question remaining to be decided is that pertaining to the authority of the trustees to levy an assessment upon the cottage owners, their authority being questioned both under the laws of the state of Ohio and the discipline of the Methodist Episcopal Church.

After carefully examining the record and the exhibits, we find that Alice Bradley holds her title under a certain deed, in which the following appears:

"The grantor, in consideration of one hundred and fifty ($150) dollars and other valuable considerations in hand paid by Alice M. Bradley, does hereby grant, bargain, sell and convey to the said Alice M. Bradley, her heirs and assigns forever, the following described real estate, situate at Epworth Heights, near Loveland, in the county of Clermont and state of Ohio, the following described property, the lot known on the plat of the grounds of the Cincinnati Camp Meeting Association of the Methodist Episcopal Church, incorporated under the laws of Ohio, as Lot No. 27, being — feet in front by —— feet in depth,

together with the building thereon in said association's camp ground near Loveland, Clermont county, Ohio, in fee simple, for camp-meeting association purposes, and to be used only in accordance to the constitution, by-laws, rules and regulations of the said Cincinnati Camp Meeting Association of the Methodist Episcopal Church and the discipline of the Methodist Episcopal Church as the same now exists and may hereafter be lawfully made, and to be used in no other way and for no other purpose.''

It appears from this deed that Alice Bradley took any real estate of which she is now seized, located at Epworth Heights camp-meeting grounds subject to the conditions, limitations and qualifications set out in her deed.

In the case of *Davis, Auditor,* v. *Cincinnati Camp Meeting Association,* reported in 57 Ohio St., 257, an attempt was made by the auditor of Clermont county to levy taxes upon the tabernacle and properties owned and used by the said camp meeting association, and the court held that the camp meeting association is exempt from taxation under the sixth clause of Section 2732, Revised Statutes (Section 5349, General Code), and

''that none of said real estate is leased by plaintiff, nor is any of said real estate in any manner used with a view of profit. * * * *And though charges are made for the use of certain privileges,* these are not inconsistent with the finding, that none of its property is leased or used with a view to profit. None of its lands, as shown by the finding, are used for any other purpose than to provide for the convenience and comfort of those who may attend the meeting; and these (charges) are not sufficient to meet the expenses of the association, and have to be met in part by donations from those interested in the maintenance of the meeting. So that the charges are not then made with a view to profit.''

This court is of opinion that the charges made by the trustees are based upon the resolution of November 18, 1915, and that they are made merely for the purpose of maintenance and up-keep of roads, walks, light, water and all other necessaries, conveniences and accommodations upon the said camp meeting grounds *and not made with a view to profit,* and are therefore not *ultra vires* but come within the purview of the charter and constitution of the defendant company, and further, are not

limited by any of the provisions of the discipline of the Methodist Episcopal Church. The section of the discipline referred to by counsel for plaintiff in error does not mean that ecclesiastical institutions authorized and carried on under the auspices of the Methodist Episcopal Church may not, under certain conditions, if authorized by their charter, make certain charges. There are being conducted under the auspices of the Methodist Episcopal Church today numerous colleges, hospitals, orphanages, old people's homes and camp meeting grounds in different parts of this state and throughout the Union, whose trustees make charges for the accommodations and conveniences furnished to the users, attendants or inmates, *but not made with a view to profit,* which have been held to be perfectly legitimate and within the powers of the respective boards of trustees making these charges.

The board of trustees of the Cincinnati Camp Meeting Association would not be discharging their trust in accordance with the spirit of the charter and the constitution if it did not maintain those necessary conveniences of life which present-day progress has deemed absolutely essential to the health and welfare of civilized communities. The fact that up to within a few years ago much of these necessary expenditures in connection with the grounds of the association were met by voluntary contributions of the sisters of the church, does not preclude the board of trustees from gathering the necessary sums in the manner suggested, for if the water supply and the lighting system and the condition of the roads were dependent upon voluntary contributions the institution known as the Cincinnati Camp Meeting Association at Epworth Heights might soon fall into decay.

While the state of Ohio may not tax the property of the Cincinnati Camp Meeting Association, exclusively used for camp meeting purposes and with no view to profit, the trustees of the camp meeting association may, under the charter and constitution, levy a reasonable assessment or annual charge against the cottage owners and lot owners for general maintenance purposes for the benefit of the whole.

It is therefore the opinion of this court that judgment of the court below be affirmed.